IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| GARY E. RADI, | ) | Cause No. CV 04-37-GF-CSO |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|   vs. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR APPOINTMENT OF |
| JAMES MacDONALD, Warden, | ) | COUNSEL |
| Crossroads Correction Center; | ) | |
| ALLISON VARNUM, Medical | ) | |
| Supervisor, | ) | |
| | ) | |
|       Defendants. | ) | |
| _____ | ) | |

On November 7, 2005, the Court entered an Order finding moot Plaintiff Radi's motion for an extension of time to respond to discovery; the Defendants stated they did not object to an extension.  Thus, Radi received the time he requested to respond.

On November 17, 2005, Radi submitted "Objections to Order Mooting Plaintiff's Motion for Extension of Time."  The document is based on Radi's misunderstanding of his own obligations before he files a motion.  Radi is required to contact the Defendants before he files a motion to determine whether they object or not. See Local Rule 7.1(j).  If he had done so in this case, he would

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL / PAGE 1

have known that the Defendants had no objection to extending his

time to respond, and there would have been no need for him to

file a motion with the Court.

At the conclusion of his objections, Radi says:

> Plaintiff is requesting this Court for Appointment of
> Counsel to assist in further prosecution of the claims
> pending before this Court with respect to the Medical
> Claims associated with Defendants refusal to treat this
> Plaintiff for Hepatitis C as required by law.

Pl.'s Objections (Court's doc. 29) at 3.

Radi previously requested counsel on November 18, 2004, on

the grounds that he and his former co-plaintiff lacked sufficient

legal information to respond to the Court's very specific factual

questions.  On April 28, 2005, that motion was denied because no

legal assistance was required for Radi to answer the Court's

factual questions.  See generally Order of Sept. 1, 2004 (Court's

doc. 11); Pl. Mot. for Counsel (Court's doc. 14); Findings and

Recommendation (Court's doc. 17).  Although the motion for

counsel was labeled as a "renewed" motion, it was the first

motion for counsel Radi or his former co-plaintiff had made in

this case.

Radi now again requests counsel "to assist in further

prosecution of the claims."  There is no constitutional right to

appointed counsel for a civil action.  See, e.g., Campbell v.

Burt, 141 F.3d 927, 931 (9th Cir. 1998) (citing Storseth v.

Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)).  However, the

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL / PAGE 2

court may appoint counsel to represent an indigent litigant under

28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under

"exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015,

1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an
> evaluation of both 'the likelihood of success on the
> merits and the ability of the petitioner to articulate
> his claims pro se in light of the complexity of the
> legal issues involved.'  Neither of these factors is
> dispositive and both must be viewed together before
> reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

1986) (citations omitted)); see also Smith-Bey v. Hospital Adm'r,

841 F.2d 751, 760 (7th Cir. 1988).

At this stage of the proceeding, Radi has not shown the

required combination of probable success on the merits and

inability to articulate his claims pro se in light of the legal

issues involved.  Discovery is closed.  The motions deadline is

January 5, 2006.  It appears to the Court that Radi is more

capable than most inmates of responding effectively to motions.

He obviously know how to file motions.

Based on the foregoing, the Court enters the following:

### ORDER

Radi's motion for the appointment of counsel (Court's doc.

29) is DENIED.

Plaintiff must immediately notify the Court and counsel for

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL / PAGE 3

the Defendants of any change of address.  Failure to do so may

result in dismissal of this case without further notice.

DATED this 7th day of December, 2005.


/s/ Carolyn S. Ostby      _____
Carolyn S. Ostby
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL / PAGE 4