IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| GARY E. RADI, | ) | Cause No. CV 04-37-GF-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| JAMES MacDONALD, Warden, | ) | |
| Crossroads Correction Center; | ) | |
| ALLISON VARNUM, Medical | ) | |
| Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On February 11, 2004, Plaintiff Gary Radi and his then co-plaintiff Victor Smith filed this action alleging violation of civil rights under 42 U.S.C. § 1983.  Radi is a former state prisoner proceeding pro se.

On April 28, 2005, the Court issued Findings and Recommendation, concluding that all but the two remaining Defendants should be dismissed because Plaintiffs failed to state a claim against them, and concluding that Plaintiff Smith should be dismissed because no claims remained in which he had a legally

cognizable interest.[1]  At the same time, the Court ordered service of the Complaint on Defendants MacDonald and Varnum.

On January 6, 2006, Defendants filed a motion for summary judgment and brief in support, along with a Statement of Uncontroverted Facts ("SUF").  They also gave Radi the notice required by D. Mont. L.R. 56.2 and Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc).  Radi filed a response on January 19, 2006.  On February 9, 2006, Defendants filed a reply.

On July 28, 2006, the Court ordered Defendants to support or withdraw their motion for summary judgment, because the exhibits on which they relied were unauthenticated and their relevance to the motion was frequently unexplained.  Defendants complied on August 11, 2006.

**I. Summary Judgment Standards**

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.  Anderson v. Liberty Lobby, Inc., 477

---

[1]  On May 25, 2005, United States District Judge Sam E. Haddon adopted the Findings and Recommendation and dismissed Defendants Ferguson, Gierbolini, Michael Varnum, Kinyon, Merical, Heinrich, Bowen, and Crossroads Correctional Center, as well as Plaintiff Smith (Court's doc. 20).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. However, if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

The mere existence of a scintilla of evidence in support

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

of the [non-moving party's] position will be
insufficient; there must be evidence on which the jury
could reasonably find for the [non-moving party].  The
judge's inquiry, therefore, unavoidably asks whether
reasonable jurors could find by a preponderance of the
evidence that the plaintiff is entitled to a verdict.

Id. at 252.

In civil rights cases and in the context of a motion for
summary judgment where a litigant is proceeding pro se, the court
has an obligation to construe the pleadings liberally and to afford
the pro se litigant the benefit of any doubt.  Baker v. McNeil
Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir. 1988).

## II. Radi's Allegations

Radi's Amended Complaint alleges that he has hepatitis C and
that "Defendants" must treat him "since he has been diagnosed with
Hepatitis C while being housed at the [Crossroads] facility."  Radi
asserts that the Defendants' failure to treat him for hepatitis C
violates the Eighth Amendment, Mont. Code Ann. § 50-18-108, and
certain provisions of the contract between Crossroads Correctional
Center and the State of Montana.  He seeks injunctive relief and
compensatory and punitive damages.  See Am. Compl. (Court's doc. 8)
at 12; Ex. E.

Although Radi named only "Defendants" in connection with this
claim, the Court ordered service on Defendants MacDonald and
Allison Varnum, based on Radi's description of each Defendant's
role at Crossroads.  See Am. Compl. at 2-4; Findings and

Recommendation (Court's doc. 17) at 19-20.

## III. Analysis

### A. Claims Under State Law

This Court's jurisdiction is based on Radi's allegations of constitutional violations.  Violations of contract, policy, or state law, even violations of the Montana Constitution, cannot form a basis for liability under 42 U.S.C. § 1983.  That statute addresses only deprivations of federal rights.  See, e.g., Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).  Because Radi's claims under state statutory and contract law would present issues of first impression to the Montana Supreme Court, this Court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c)(1), (d).

### B. Eighth Amendment Standards

The Eighth Amendment requires that prisoners receive adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  See also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Prisoners must also be protected from serious risks to their health.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 837 (1994); Helling v. McKinney, 509 U.S. 25, 33-34 (1993); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995).

Delay of or interference with medical care may also amount to deliberate indifference, provided the delay leads to further injury. McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

However, mere disagreement between a prisoner-patient and prison medical personnel over the need for or course of medical treatment is not a sufficient basis for an Eighth Amendment violation. Franklin v. State of Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinions). Instead, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

### C. Defendants' Motion

Defendants contend that no serious, unaddressed medical need arises from Radi's hepatitis C because there is no indication that he is in pain or experiencing any compromise of his liver functions. Additionally, they assert that they monitor his condition by regularly testing his blood to check the level of an enzyme, alanine aminotransferase ("ALT"), in accordance with the protocol established by the Montana Department of Corrections ("DOC"), so they are not deliberately indifferent to his condition.

See Defs.' Br. in Supp. (Court's doc. 34) at 4-6.  Defendants also contend that the contract between Crossroads and DOC assigns responsibility for treating inmates with hepatitis C to the DOC, not to Crossroads, which is responsible only for monitoring inmates who test positive for hepatitis C.

These arguments are supported by the Defendants' exhibits. MacDonald avers that Crossroads follows a hepatitis management program outlined by the Centers for Disease Control.  The program provides that "[a]dults who test positive for anti-HCV[2] should receive further medical evaluation to determine chronic infection and liver disease" and recommends that correctional facilities should "establish criteria ... for the identification of prisoners who might benefit from antiviral treatment."  MacDonald Aff. (Court's doc. 47, Ex. 1-A at 28).  The program also recommends vaccination against hepatitis A and B.  Accordingly, the DOC protocol calls for the monitoring of ALT levels in inmates, like Radi, who test positive for the hepatitis C antibody.  "ALTs that are consistently less than two-three times the upper limit of normal provide good evidence that significant inflammation is absent, and that the risk of cirrhosis or primary hepatocellular carcinoma is minimal or nonexistent."  MacDonald Aff. (Court's doc. 47 Ex. 1-B at 4).

_____

[2]  "Anti-HCV" means the antibody to the hepatitis C virus. See MacDonald Aff. (Court's doc. 47, Ex. 1-A at 4-5).

Defendants also submit the affidavit of Sheri Crumley, a Montana-licensed practical nurse who works at Crossroads. She avers that she has reviewed Radi's medical records, and they show that Radi's ALT levels have been "consistently monitored," that Radi has no symptoms of liver failure, and that Radi was vaccinated against hepatitis A and B. See Crumley Aff. (Court's doc. 47 Ex. 2 at 2, ¶¶ 5, 7, 8.

Defendants did not attach to Crumley's Affidavit the records she actually reviewed. Crumley's Affidavit does not clearly state that she reviewed Radi's complete medical records.[3] Further, it is inexplicable that Defendants would submit to this Court a *redacted* affidavit sworn by Dr. Rantz in another proceeding – not even a court proceeding – involving a different "claimant" about whom Dr. Rantz offers the *unredacted* opinions that *the other claimant* did not meet the criteria for treatment and *the other claimant* received appropriate medical care. The "attached" documents to which the Rantz' affidavit refers are not attached to the affidavit as filed with this court. The Court will not consider Dr. Rantz's

_____

[3] The Court's Order of July 28 excepted "discovery responses" from the authentication requirement. However, even if Radi's medical records were produced in discovery, there should still be some clear and sworn indication from counsel that the records attached to the SUF are Radi's complete medical records as produced in discovery. There should also be some indication in Crumley's Affidavit that those records are the ones she reviewed. All this is particularly true when, as the Order of July 28 indicated, two of the medical records submitted with the SUF bear no identifying information at all.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

Affidavit.

Despite these shortcomings, MacDonald's and Crumley's Affidavits establish the absence of a genuine issue of material fact regarding the care that Radi received. Because these facts were suggested, though not substantiated, in the Defendants' SUF and the attached exhibits, Radi has had an opportunity to respond, and did respond, to the Defendants' contentions.

Radi's response asserts that he does not know how he contracted hepatitis C while he was at Crossroads, see Pl.'s Resp. (Court's doc. 37) at 1-2, that "competent medical authorities would surely disagree," id. at 3, with Defendants' assessment of the seriousness of his "chronic" condition, and that "no clear consensus exists on whether to treat patients with persistently normal serum transaminases," id. at 4. None of these assertions supports his own position. Without medical evidence to support a realistic theory of how he contracted hepatitis C, Radi cannot maintain a claim on that basis. Without evidence from competent medical authorities, Radi cannot show any disagreement at all about the seriousness of his condition, and the fact that his condition is now labeled "chronic" does not mean that his health has deteriorated. Without evidence that there *is* a clear consensus in the medical community that patients with persistently normal ALT levels *must* be treated, he cannot show deliberate indifference on the part of the Defendants. Radi submits the affidavits of other

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

inmates who are also not receiving the drug therapy Radi wants, but he did not serve those affidavits on the Defendants, and, at any rate, other inmates' experiences have no bearing on Radi's own case.

In sum, although Defendants' evidence as presented is weaker than would be expected, Radi has presented no countervailing evidence.  Defendants are entitled to summary judgment.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Defendants' motion for summary judgment (Court's doc. 33) should be GRANTED.  Judgment should be entered by separate document in favor of Defendants MacDonald and Varnum and against Plaintiff Radi.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within ten (10) calendar days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Plaintiff must immediately notify the Court and counsel for the Defendants of any change of address.  Failure to do so may result in dismissal of this case without further notice.

DATED this 18th day of August, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge